HENRIETTA McKEE *v.* B. B. BEVINS *et al.*[*]
(*Knoxville.* September Term, 1917.)

1.   **HUSBAND AND WIFE. Conveyances.   Estates created.**

Husband and wife, when truly such, are the only persons capable of being tenants by the entirety, and that estate is not created by a conveyance to a man and a woman who are not under the marital bond even though they are so described in the instrument.   Such grantees would be tenants in common, even though believed by themselves and by the grantor to be husband and wife.  (*Post, pp.* 251-252.)

2.   **HUSBAND AND WIFE. Conveyances.   Estates created.**

Land was deeded to B. and his wife E., subsequent to B.'s divorce from his first wife.   The divorce was set aside as fraudulent, rendering the marriage with E. void.   *Held* that, though the estate which E. took would have been by the entireties if the marriage had been valid, under the facts she took as tenant in common.   (*Post, p.* 253.)

Cases cited and approved:   Morris v. McCarty, 158 Mass., 11; Taul v. Campbell, 15 Tenn., 319; State v. Whitcomb, 52 Iowa, 85;  Comstock v. Adams, 23 Kan., 513;  State v. Watson, 20 R. I., 354;  Johnson v. Johnson, 41 Tenn., 630;  Smith v. Bank, 115 Tenn., 12.

Case cited and distinguished: Vorhees v. Vorhees, 46 N. J. Eq.; 411.

3.   **ESTOPPEL.   None to deny validity of marriage when.**

The heir of E, who went through the form of marriage with B., and lived with the latter as his wife, is not estopped to recover an interest in land upon the basis of the invalidity of her mother's marriage to B., where that invalidity had been established at the suit of M., the true wife, claiming such interest against the complainant heir.  (*Post, pp.* 253-254.)

Cases cited and distinguished:   Johnson v. Johnson, 41 Tenn., 630; Smith v. Bank, 115 Tenn., 12.

FROM LOUDON.

[*]For authorities discussing the question of effect of divorce on tenancy by entireties, see notes in 30 L. R. A., 333, 10 L. R. A. (N. S.), 463 and L. R. A., 1915C, 397.

Appeal from the Chancery Court of Loudon County
—Hugh G. Kyle, Chancellor.

J. E. Cassady, for complainant.

S. P. Dannel and McCroskey & Peace, for defendant.

Mr Justice Williams delivered the opinion of the
Court.

The questions for solution are of law, but they arise
on facts that are most unusual.   Indeed, we do not find
their counterpart in any reported case.

On October 28, 1913, a deed was executed by one Far-
row, reciting that he conveyed "unto B. B. Bevins
and wife, Elizabeth Bevins, the following real estate
[describing it]."

Complainant, Henrietta McKee, is the daughter and
sole heir of Elizabeth, one of the grantees; she having
been born prior to her mother's meeting or having any
aquaintance with B. B. Bevins.   The bill is filed by her
to recover a one-half undivided interest in the land so
conveyed, on the theory that complainant's mother took
thereunder as tenant in common with B. B. Bevins.

One of the defendants is Mary A. Bevins, who inter-
married with B. B. Bevins in this State in 1860; and
this defendant claims that Elizabeth was, as such gran-
tee, a tenant by entireties.   The nature of the estate so
vested in the two grantees is the main question to be
decided.

It appears that Bevins abandoned his wife, Mary,
and went from Tennessee to Georgia, where in 1887 he
went through the form of marriage with Elizabeth.   In

1895 this couple removed to and lived together in Tennessee. After several ineffectual efforts to obtain a divorce from Mary in this State, Bevins went back to Georgia for the purpose of procuring a divorce from her in that State. By fraud on the court and on Mary, in representations respecting domicile in Georgia, he was granted a decree of divorce absolute, in May, 1913. He promptly returned to Tennessee, where in September following he married for the second time Elizabeth. As above stated, the conveyance in question was executed in October of the same year, 1913. In June, 1914, Elizabeth died, she and Bevins then owning the tract of land conveyed by the deed.

On learning of the divorce proceedings in Georgia and of the fraud practiced, Mary, in August, 1914, filed a bill and procured a decree in the chancery court of this State declaring the Georgia decree null because of the vitiating fraud. She later filed a bill for divorce on the ground of desertion and was granted an absolute divorce from Bevins, being awarded as alimony in the proceeding all the right, title, and interest of Bevins in the lands described in the deed. This interest she now insists is the title absolute because of the facts that the grantees, Bevins and Elizabeth, were tenants by entireties and that Elizabeth predeceased Bevins.

Husband and wife, when truly such, are the only persons capable of being tenants by entireties. That estate is not created by a conveyance to a man and a woman who are not under the marital bond, even though

they are so described in the instrument. *Morris* v. *McCarty,* 158 Mass., 11, 32 N. E., 938; 13 R. C. L., p. 1102, citing *Taul* v. *Campbell,* 7 Yerg. (15 Tenn.), 319, 27 Am. Dec., 508. Such grantees would be tenants in common, even though believed by themselves and by the grantor to be husband and wife.

What was the effect of the annulment of the Georgia divorce decree upon the *status* of Elizabeth to take with Bevins an estate by entireties? That estate, as seen, could only arise if wifehood on the part of Elizabeth existed. Was that *status* Elizabeth's or Mary's at the date the deed was executed? If the latter's it cannot be that Elizabeth took as tenant by entireties.

As a result of the setting aside of the decree of divorce, Bevins and Mary stood in precisely the same matrimonial relation to each other as though no decree of divorce had ever been entered. *State* v. *Whitcomb,* 52 Iowa, 85, 2 N. W., 970, 35 Am. Rep., 258; *Comstock* v. *Adams,* 23 Kan., 513, 33 Am. Rep., 191; *State* v. *Watson,* 20 R. I., 354, 39 Atl., 193, 78 Am. St. Rep., 871; 9 R. C. L., p. 456; 1 Bishop on Marriage and Divorce, section 281.

In *Vorhees* v. *Vorhees,* 46 N· J. Eq., 411, 19 Atl., 172, 19 Am. St. Rep., 404, a case involving fraud in the procurement of the decree of divorce, which decree was abrogated at the instance of the true wife, it was said touching the relation of that wife and husband:

"The matrimonial bond . . . was just as perfect as it would have been had no attempt ever been made to

break it.   The marriage, therefore, which Abraham attempted to contract in September, 1867, was a nullity, and his subsequent cohabitation with the other woman was just as meretricious, as a matter of law, as it would have been, had they consorted together without going, through the form of marriage.''

When at Mary's instance the annulment was procured, her *status* was that of wife *ab initio* and continuously. Had the deed been executed on its date to Bevins and Mary by name, or ''to B. B. Bevins and his wife;'' it seems clear that these two would have been tenants by entireties.   How, then, could another woman, Elizabeth, in the same period of time, take an estate that inheres in wifehood?   And by reason thereof take the entire property, in event she had survived Bevins, as against his lawful wife?   There could not be in existence at the same time two women as potential tenants by the entireties along with Bevins.   Such tenant was the lawful wife, Mary.   Elizabeth, therefore, became a tenant in common, entitled to one-half undivided interest in the land, and that estate descended to complainant.

But it is urged in behalf of Mary that complainant, standing as heir and in the right of her mother, Elizabeth, cannot be heard to question the validity of the marriage of her mother to Bevins.   Complainant is not denying the validity of any existing relation of her mother.   The latter is dead.   Nor is she making an effort to have annulled her mother's marriage, nor is she seeking affirmatively to defeat rights which have

McKee v. Bevins.

been aquired by another on the faith of the marriage. The *status* of Elizabeth, as nonwife, as well as that of Mary, had been precedently fixed at the instance and prayer of Mary; and it seems unjust to permit the latter to take the results of the decree so rendered so far as it advantages her and to disclaim the incidents that may prove burdensome. Complainant is not estopped to stand upon a *status* so fixed for Elizabeth by the suit of Mary, which *status* complainant must acquiesce in perforce. She is not asking to have it disturbed, so as to be estopped in respect of relief to that end.

This case is clearly to be differentiated from *Johnson v. Johnson*, 1 Cold. (41 Tenn.), 630, and *Smith v. Bank*, 115 Tenn., 12.

In our opinion the court of civil appeals in awarding the entire realty to Mary erred. A decree of reversal in accord with the above rulings will pass.