Harold Wray DUKE and wife, Glenda S. Duke, Both Citizens and Residents of Fulton County, Kentucky, Appellants,

v.

Alice HOPPER et al., Appellees.

Court of Appeals of Tennessee, Western Section.

May 25, 1972.

Certiorari Denied by Supreme Court Nov. 6, 1972.

Strawbridge & Strawbridge, Dresden, for appellants.

Asher, Greenfield, Gubbins & Segall, Chicago, Ill., George C. Thomas, Dresden, for appellees.

NEARN, Judge.

This is a case where the grantees in a deed took title as husband and wife, but in fact were not lawfully married at the time of the execution and delivery of the deed. While so holding title and without ever having married, one of the grantees died. Subsequently, the surviving grantee conveyed as the "widow" to a third party purchaser for value. This suit is over the title to the land and is between the subsequent purchaser and "widow" on one side, and the mother and heirs of the deceased grantee on the other. The Chancellor, sitting without a jury, held for the mother and heirs and the subsequent purchaser has appealed.

We would state at the outset that there is no dispute over the facts as found by the Chancellor. The dispute is over the Chancellor's application of the law to those facts.

On March 28, 1964, J. C. Simpson and wife, Lucy Mae Simpson, conveyed a certain parcel of land to "Buron Hopper and wife, Vivian Hopper".[1] Buron Hopper and Vivian Hopper had held themselves out to be husband and wife for between twelve and fourteen years prior to the conveyance to them. However, they were never legally married. At the time of the conveyance to them, Buron Hopper, in the presence of Vivian Hopper, instructed the attorney who was drafting the deed:

"I want it made to me and my wife as tenants by the entireties so the survivor of us will take title to that piece of land in case the other one dies. . . ."

Neither made their true marital status known to the attorney. The draftsman of

the deed was under the impression that the Hoppers were lawfully married and simply made out the deed to Buron Hopper and wife, Vivian Hopper.

On September 30, 1964, Buron Hopper died intestate. Thereafter, on January 30, 1065, Vivian Hopper as the "widow" conveyed the subject property to Harold Wray Duke and wife, Glenda S. Duke, who had no knowledge that Buron and Vivian Hopper had not in fact been married. On April 8, 1968, some of the defendants or cross-complainants herein, who will hereinafter be referred to as the heirs of Buron Hopper or defendants, conveyed all of their right, title, and interest in the subject land to Alice Hopper, mother of Buron Hopper.

On December 13, 1968, Duke, et ux., filed their Bill in the Chancery Court of Weakley County which averred in substance the foregoing facts, and charged that the defendants were all estopped to deny the validity of the conveyance from Vivian Hopper to the Dukes because the rights of the heirs are derivative from the rights of Buron Hopper and, were he living, he would be estopped, as to innocent purchasers, to deny the creation of a tenancy by the entirety in the deed to him and Vivian Hopper from Simpson, et ux. The Bill sought to have the Court decree title in the complainants, remove the deed from the heirs to Alice Hopper as a cloud on complainants' title, or reform the deed from Simpson, et ux., to Buron and Vivian Hopper of date March 28, 1964, so as to provide that the grantees therein be joint tenants with the right of survivorship.

The Answer of the heirs admitted the execution of the deeds but denied that they were estopped to deny complainants' title, denied that the Dukes were innocent purchasers, and denied that the Hoppers had held themselves out as man and wife. All of the pleadings need not be delineated for an understanding of this Opinion. Suffice

---

1. Vivian will be hereinafter referred to as Vivian Hopper, although she is or was also variously known as Vivian Thompson, Vivian Albin, or Vivian O'Neill.

it to say that the heirs filed a Cross-Bill which sought to have title decreed to Alice Hopper and the other heirs of Buron, to have the deed to Duke, et ux., declared null and void and cancelled as a cloud on their title, or, in the alternative, to decree only a one-half interest passed thereunder, and to recover from the Dukes and Vivian Hopper the sum of Six Thousand ($6,000.-00) Dollars for being deprived of the use of the land since September 30, 1964, when Buron Hopper died.

The Chancellor held that the uncontradicted proof showed that Buron Hopper and Vivian Hopper had held themselves out as husband and wife for approximately twelve to fourteen years, but were never married. The Chancellor pretermitted the innocent purchaser issue holding that the Dukes' status as innocent purchasers would not affect the matter as (a) the heirs were not estopped to deny the Dukes' title regardless of whether the Dukes were innocent purchasers or not, relying upon Mitchner v. Taylor (1966 W.S.) 56 Tenn. App. 670, 412 S.W.2d 1, and (b) Vivian Hopper could convey no more interest than that which she possessed; that is, a one-half interest. Consequently, the Original Bill was dismissed, the estate between Buron and Vivian Hopper declared to be one in common, and that Vivian Hopper effectively conveyed only a one-half interest to the Dukes. Recovery was decreed on the Cross-Bill. The Dukes have appealed.

On the issue pretermitted by the Chancellor, all of the proof is that Duke, et ux., purchased the land in question without any knowledge that Vivian Hopper was not the lawful widow of Buron Hopper. There is not the slightest scintilla of evidence that the Dukes were not innocent purchasers for value. Therefore, we find that the Dukes were innocent purchasers and had no knowledge of any defect in the title. We further find that the Dukes, when they purchased the property, relied upon the statement of marital status contained in the deed to Buron and Vivian Hopper as "Buron Hopper and wife, Vivian Hopper" as authority to accept the deed from Vivian Hopper as "widow". All of the proof is to that effect and none is to the contrary.

There can be no doubt that in this state an estate by the entireties in real property cannot exist unless the grantees in the deed, at the time of the conveyance, are lawfully husband and wife. McKee v. Bevins (1917) 138 Tenn. 249, 197 S.W. 563; Mitchner v. Taylor, supra. An estate by the entireties arises by virtue of the marriage. It is that unity of persons in contemplation of law, created by the marriage, to which the estate owes its existence and it is only incident thereto. If the marriage does not exist, that which is incident to it does not exist. Ames v. Norman (1857) 36 Tenn. 683. However, even though a valid marriage does not exist between the grantees, if apt words are used in the conveyance to clearly show an intent to create a tenancy with the right of survivorship, the deed will be construed to give effect to the clear intent of the parties and will be said to create a tenancy in common with the right of survivorship. Knight v. Knight (1970 E.S.) Tenn.App., 458 S.W.2d 803. Where the marriage relationship does not exist, the mere designation in the deed of one grantee as the spouse of the other will not create a tenancy in common with right of survivorship. See McKee v. Bevins, Mitchner v. Taylor, and Knight v. Knight, supra; T.C.A. 64-107.

Therefore, we concur in the Chancellor's conclusion that the deed from Simpson, et ux., to Buron and Vivian Hopper did not create a tenancy by the entireties in the grantees, nor did the deed contain such verbiage as would permit a Court to construe the intention of the parties as one to create a tenancy in common with the right of survivorship. However, such conclusions by the Chancellor and concurrence therein by this Court, do not answer the paramount issue raised by this appeal. The question determinative of this case and this appeal is the question of the proper application of the doctrine of estoppel.

There are three kinds of estoppel; viz: (1) by record, (2) by deed, and (3) by matter *in pais*. Denny v. Wilson County (1955) 198 Tenn. 677, 281 S.W.2d 671. Estoppel *in pais* is an estoppel that does not arise from a record or written instrument, but arises from the conduct or silence of a party and is sometimes referred to as equitable estoppel. In the true sense, all matters of estoppel arise in equity, for the purpose of the existence of the doctrine is to prevent inconsistency and fraud resulting in an injustice. When a man has been misled by the untruth propounded by another, and acted to his detriment in reliance upon the misrepresentation, the misleading party will be estopped to show that the true facts are contrary to those he first propounded. In the words of Lord Coke, this is so "because a man's owne act or acceptance stoppeth, or closeth up his mouth to alleage or plead the truth." The English used may be dated, but the thoughts embodied therein have withstood the test of time and are the basis for all three kinds of estoppel.

In this case we are concerned with estoppel by deed. Estoppel by deed has been described as:

" . . . a bar which precludes one party to a deed and his privies from asserting as against the other party and his privies any right or title in derogation of the deed or from denying the truth of any material facts asserted in it." Denny v. Wilson County, supra; 31 C.J.S. Estoppel, § 10, page 295; 28 Am.Jur.2d, Estoppel, Sec. 4, page 602.

Ordinarily, recitals of matters of fact contained in a deed are binding on both the grantor and the grantee, such as the date of the instrument, the existence of prior agreements, and the nature or status of either grantor or grantee. See 31 C.J.S. Estoppel, § 37, page 330 and § 38, pages 333–334. Also, Henderson v. Overton (1830) 10 Tenn. (2 Yerg.) 394–397; Denny v. Wilson, County, supra.

The privies of a grantor or grantee are estopped to the same extent as the original parties to the deed and all persons, including heirs, claiming through the party estopped by deed are bound by the estoppel. Spicer v. Kimes (1941 M.S.) 25 Tenn.App. 247, 156 S.W.2d 334.

Before a party can claim an estoppel, there must be on the part of the claiming party; (a) lack of knowledge without fault of the true facts, (b) reliance upon the untrue facts, and (c) action based on the untrue statement or misrepresentation. See McClure v. Wade (1950 E.S.) 34 Tenn.App. 154, 235 S.W.2d 835.

Now let us apply the foregoing principles to the facts of this case. There can be no doubt that a false statement was made by Buron Hopper when he caused his deed to recite that he and Vivian were married. Further, Buron knew the statement was false and was made with the intent that others would rely upon it. It was made for the purpose of deceiving the world in an attempt to create that which in his case could not be created; that is, an estate by the entireties with Vivian Hopper. After Buron's death and without knowledge of the true facts, and without any reasonable means to find the true facts from independent sources, the Dukes, in reliance upon the alleged fact of marriage caused by Buron to be contained in his deed, paid a valuable consideration to the "widow" of Buron. Without prior knowledge of the arcane truth, the title to this property would have appeared in all respects proper. Suppose that the Dukes had taken title from Buron and Vivian Hopper while both were living and litigation arose between the Dukes and the Hoppers, could there be any doubt that the Hoppers would be estopped as between themselves and the Dukes to allege that they were unmarried? We think not.

Counsel for appellees strongly relies upon the case of Mitchner v. Taylor, supra, for the proposition that there can be no estoppel in a case of this nature. The

Chancellor, in the instant case, was constrained to reach the conclusions of law that he reached because he was of the opinion that the *Mitchner* case was an outright rejection by the Appellate Court of the applicability of the theory of estoppel to the case at hand.

In the cases heretofore cited in this Opinion containing similar factual situations, including the *Mitchner* case, supra, the doctrine of estoppel has been touched on or discussed, but has never been applied by the Courts. If the doctrine of estoppel is to be applied in this case, this Court would be subject to the just criticism of either ignoring or giving lip service only to the equally important doctrine of *stare decisis,* unless some valid, reasonable, distinguishing factor can be found in the instant case which is not present in those reported cases which have preceded it.

An examination of this Court's Opinion in the *Mitchner* case, supra, reveals that Jessie and Pricilla Taylor lived together as man and wife for over twenty years before their relationship was legalized by a valid marriage. During the period of illegal cohabitation, title was taken by them to certain real property as husband and wife under similar circumstances as those involved in the instant case; that is, they misled the closing attorney, represented to him that they were married, and instructed him to place title in them as husband and wife. Subsequently, Jessie Taylor died and Pricilla married Preites Mitchner. Pricilla and Preites Mitchner then conveyed interests in their separate real property, including the parcel formerly owned by Pricilla and Jessie Taylor, to each other in an attempt to create an estate by the entireties in all their lands. Sometime after that conveyance, the heirs of Jessie Taylor filed suit alleging that there was no marriage existent between Jessie and Pricilla Taylor when they acquired title and that the estate was therefore one in common. Further, that as Jessie Taylor's heirs, they were en-

titled to his interest and prayed that the property be sold for partition.

Pricilla and Preites filed a joint Answer and Cross-Bill in which it was admitted that Pricilla and Jessie Taylor were not husband and wife at the time of the conveyance in question. Relief was sought on the theory that it was the intent of the Taylors to create a tenancy by the entirety and that cross-complainant's rights "be determined exclusively by the instrument as so reformed. . . ."

The Chancellor sustained the Original Bill, dismissed the Cross-Bill, and ordered the property sold for partition.

This Court held that the deed could not be reformed to create a tenancy by the entireties, because Jessie and Pricilla Taylor were the architects of their own misfortune and the Court could not create an estate where such cannot exist at law; that is, an estate by the entireties between persons who are unmarried at the time of the conveyance.

In overruling the Assignment of Error in regard to the issue of estoppel, we said:

"Likewise we find no merit in assignment of error No. III that the court erred in failing to hold that the complainants were estopped because their predecessor in title, Jessie Taylor, from whom they inherited their interest in the property, would have been estopped to deny that he and Pricilla Taylor held the property as tenants by the entirety. We do not concede that Jessie Taylor, if living would be estopped to deny that he owned the property as a tenant by the entirety with the defendant, Pricilla Taylor, since it is admitted that the parties were not in fact man and wife at the time the deed conveyed the property to them. By operation of law they became equal tenants in common in said

property and we see no estoppel to be applied against the complainants, judicial or otherwise."

Counsel for appellees relies upon the foregoing statement of the Court for the proposition that the doctrine of estoppel does not apply in this case even though there may be an innocent purchaser for value involved, for counsel argues that Preites Mitchner must be cast in the role of an innocent purchaser as he conveyed his lands to Pricilla in consideration of a conveyance of her lands to him.

In a suit between the heirs of Jessie Taylor and Pricilla Mitchner (Taylor), or in a suit between the heirs of Buron Hopper and Vivian Hopper, would the doctrine of estoppel be applicable? In both situations no party or representative group could claim that they or their predecessor in title acted with lack of knowledge of the true situation or relied thereon or acted on any misrepresentation. All of the essential elements of the right to invoke estoppel are lacking. In a case where a true innocent purchaser for value is involved, all of the elements missing in the former instance are present. There is a lack of knowledge of the true facts, there is a misrepresentation and reliance thereon, and action based on the misrepresentation.

Counsel for appellees, in relying upon the *Mitchner* case, has made the assumption that Preites Mitchner was an innocent purchaser for value. The writer of this Opinion has reviewed the Technical Record, the Narrative Bill of Exceptions and the Chancellor's Findings in the *Mitchner* case. Such examination reveals that Preites Mitchner never claimed to be an innocent purchaser for value. The joint Answer and Cross-Bill of Pricilla and Preites Mitchner seems to admit a knowledge on the part of Preites Mitchner of the true state of affairs, but even if there is no admission, the Chancellor found that

there had been no showing by Preites Mitchner of any loss or prejudice to him by the transfer of interests in the property between himself and Priscilla Mitchner. The Narrative Bill is silent in that regard. Therefore, in the *Mitchner* case, the question of whether or not Preites Mitchner was an innocent purchaser was never raised, for it was never claimed.

The cases of Ames v. Norman, McKee v. Bevins, and Knight v. Knight, supra, can be distinguished from the present case by the fact that none involved an innocent purchaser for value.

Counsel for appellants has cited in his Brief the case of Harding v. Monteague, Tenn.Chan.Appeals, 36 S.W. 958, as analogous to the case at bar. The important facts are that Jordan Bradford purchased from the trustees of a church a parcel of land. Title was taken in the name of Bradford and wife, Anna, shortly before their marriage, but no marriage existed at the time of the conveyance. Later, the grantor church filed suit alleging that the trustees lacked the proper power to make the conveyance. The suit was defended by the Bradfords as if they held title by the entireties. The Bradfords won and the Supreme Court affirmed. Jordan Bradford died and Anna, as widow, conveyed a portion of the land to another who was an innocent purchaser for value. The heirs of Jordan Bradford sued for the land. The Court held that the heirs of Jordan Bradford were estopped because they were bound by the actions of their ancestor who would be estopped. The estoppel was based on the recitation in the ancestor's deed that he and Anna were husband and wife, plus the fact that during the litigation with the trustees of the church, he had contended that the estate was by the entireties. The estoppel was applied because an innocent purchaser had obtained the land in reliance upon the contents of the deed to Bradford and his actions in the

litigation with the church trustees. Counsel for appellees contends that the estoppel in *Harding* was based on Bradford's action in the litigation. We do not agree with that interpretation of the opinion. In *Harding* there were two estoppels. One by record, and one by deed, but either was sufficient to bar the claim of the heirs.

In the instant case, we hold that Buron Hopper would be estopped to show facts contrary to those he had inserted in the deed to himself and Vivian as against anyone dealing in the property on the assumption of the truth of that fact, and that his heirs are just as surely estopped. The Chancellor erred in not so holding.

By this Opinion, we do not create an estate by the entirety in Buron and Vivian Hopper. We simply hold that the heirs of Buron Hopper, because of the intervention of an innocent purchaser, cannot now or hereafter assert that the estate in question is any different from that which their ancestor said it was.

It therefore results that the judgment of the lower Court, insofar as it affects the cross-defendants Duke, is reversed. A Decree shall be entered in this Court dismissing the Cross-Bill as to the defendants Duke, discharging all liens imposed by the Chancellor on the property in question to secure the solicitor's fees for cross-complainants, and decreeing that the deeds executed by the heirs are void and of no effect.

The cause will be remanded to the Chancery Court of Weakley County for such other proceedings as may be necessary, not inconsistent with this Opinion.

Costs below and of appeal are taxed against the appellees.

PURYEAR and MATHERNE, JJ., concur.