UNITED STATES of America,
Appellant,

v.

Koy E. DAWKINS, C. Frank Griffin, John R. Nichols and Hazel Nichols, Appellees.

No. 79–1326.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 7, 1980.
Decided Sept. 10, 1980.

James J. Brown, Civ. Div., Dept. of Justice, Washington, D. C., (Stuart E. Schiffer, Acting Asst. Atty. Gen., Washington, D. C., Harold M. Edwards, U. S. Atty., Asheville, N. C., Leonard Schaitman, Civ. Div., Dept. of Justice, Washington, D. C., on brief), for appellant.

William L. Auten, Charlotte, N. C., (W. S. Blakeney, Blakeney, Alexander & Machen, Charlotte, N. C., on brief), and C. Ralph Kinsey, Jr., Charlotte, N. C., (Caudle, Underwood & Kinsey, P.A., Charlotte, N. C., on brief) and (B. Irvin Boyle, Norman A. Smith, Boyle, Alexander & Hord, Charlotte, N. C., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, PHILLIPS, Circuit Judge, and THOMSEN,* Senior District Judge.

THOMSEN, Senior District Judge.

The government, plaintiff below, appeals from a judgment of the district court (1) granting summary judgment in favor of defendants on the ground that the government's claim is barred by limitations, and (2) awarding attorneys' fees against the government. We reverse and remand the case to the district court for further proceedings consistent with this opinion.

The case involves the proper construction and application of 28 U.S.C. 2415(a) and 2416, which provide in pertinent part:

§ 2415(a) Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later: . . .

§ 2416. For the purpose of computing the limitations periods established in section 2415, there shall be excluded all periods during which—

. . . . .

(c) facts material to the right of action are not known and reasonably could not be known by an official of the United States charged with the responsibility to act in the circumstances; or

. . . . .

Essentially, the questions before us are: (1) whether the one–year grace period in § 2415(a) applies to this suit brought by the government under the Federal Priorities Statute, 31 U.S.C. 191–192;[1] (2) whether "the final decisions . . . in applicable

---

\* Of the District of Maryland, sitting by designation.

1. 31 U.S.C. § 191 provides:
 Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed. The priority established under this section *does not apply, however, in a case under title* 11.

31 U.S.C. § 192 provides:
 Except with respect to a trustee acting in accordance with the provisions of title 11, every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so *due to the United States, or for so much* thereof as may remain due and unpaid.
The exceptions with respect to Title 11 trustees in both § 191 and § 192 were added in November 1978; they are neither relevant nor material in the case at bar.

\* \* \* \* \* \* \* \*

administrative proceedings" include the decision of the Court of Claims in such a case as this; (3) whether the district court erred in granting summary judgment; and (4) whether the district court erred in assessing attorneys' fees against the government.

In 1968, Monroe Garment Company (Monroe) contracted with the United States to manufacture shirts for the Defense Supply Agency. After some of the shirts were delivered, the government contracting officer notified Monroe that the shirts did not meet contract specifications and demanded an equitable price reduction. On September 8, 1969, Monroe appealed the decision of the contracting officer to the Armed Services Board of Contract Appeals (ASBCA), and on September 15, 1969, filed a petition in the Court of Claims alleging breach of contract. The Court of Claims stayed the action pending before it and referred the case to ASBCA on May 1, 1970.

While the case was pending before ASBCA, Monroe sold substantially all its assets to Comar Industries, Inc. The sale was consummated in April 1971, and the cash proceeds were deposited in an escrow account for payment to Monroe's creditors and stockholders. Appellees Dawkins and Griffin, attorneys who served as escrow agents, disbursed most of the funds before August 1971, and made final distribution in November 1971.

Meanwhile, on October 28, 1971, after an evidentiary hearing, ASBCA held that the government was entitled to an equitable price adjustment under the contract, the amount of the adjustment to be determined by negotiations between the parties.

In December 1971 Monroe filed an amended petition with the Court of Claims alleging that the ASBCA decision was erroneous, both factually and legally. In December 1973 the Court of Claims rejected Monroe's arguments and remanded the case to ASBCA to determine the amount of the equitable adjustment owed by Monroe to the government. *Monroe Garment Co. v. United States*, 488 F.2d 989, 203 Ct.Cl. 324 (1973).

On November 7, 1975, ASBCA determined that the United States was entitled to recover $151,252.08 from Monroe. The government then filed an answer and counterclaim in the case which Monroe had filed in the Court of Claims, and on January 27, 1977, the Court of Claims entered judgment for the United States against Monroe in the amount of $151,252.08.

On December 19, 1977, the United States filed this action in the district court (1) against Dawkins and Griffin (the escrow agents who made the distributions), alleging liability under the Federal Priorities Statute (set out in n. 1 above), and (2) against appellees John and Hazel Nichols (the stockholders of Monroe, who had received the distribution to stockholders made by Dawkins and Griffin), alleging unjust enrichment. Defendants moved to dismiss the government's action for several reasons, including limitations; after a hearing the district court held that the action was barred by the applicable statute of limitations (28 U.S.C. 2415, quoted above) and dismissed the suit. The district court also awarded attorneys' fees in the amount of $15,000 against the United States, on the ground that the government had "acted in bad faith by vexatiously pursuing a meritless case."

\* \* \* \* \* \* \*

The parties agree that the applicable statute of limitations in this case is 28 U.S.C. 2415, quoted above at the beginning of this opinion. See *United States v. Motsinger*, 123 F.2d 585 (4 Cir. 1941). Appellees argue and the district court held that this suit is barred by that statute because it was filed by the government more than one year after the decision of ASBCA on November 7, 1975. The government argues that the case in the Court of Claims filed by Monroe was part of the administrative proceedings and that because the complaint in the present suit was filed within one year after the final decision of the Court of Claims, it is not barred by § 2415(a). The resolution of that issue turns on two questions: (1) whether the one-year extension of the six-year limitation period in § 2415(a) applies to the parties defendant in this action—Dawkins and Griffin, the escrow

agents for the distribution of the assets of Monroe, which was the party in the administrative proceedings, and Mr. and Mrs. Nichols, who were the stockholders of Monroe and, as such stockholders, received the money which was distributed by the escrow agents after Monroe's creditors had been paid; and (2) whether the final decision "in applicable administrative proceedings," as that phrase is used in § 2415(a), would in this case include the final decision of the Court of Claims.

 We do not agree with the government's contention that the final decision in the applicable administrative proceedings in this case included the final judgment of the Court of Claims. This conclusion, however, does not end the matter.

The government also argued in the district court that even if the cause of action accrued in November 1971, when the distribution of assets was completed, the suit was nevertheless timely because facts material to the right of action against defendants herein–the distribution and receipt of Monroe's assets–were not known and reasonably could not have been known by the responsible government officials until well within six years of the commencement of this suit. See § 2416(c) quoted above. The district court held that "dissolution of a corporation certainly implies that proceeds of the sale will be used to pay creditors, if any, within a reasonable period of time," and decided against the government on summary judgment. The government argues that whether it was reasonable for the government to delay investigating Monroe's status is a factual determination that should have been submitted to the jury. We agree; the government had demanded a jury trial, and various inferences could be drawn from the relevant facts. See *Johns Hopkins University v. Hutton*, 422 F.2d 1124, 1131 (4 Cir. 1970), cert. denied, 416 U.S. 916, 94 S.Ct. 1622, 40 L.Ed.2d 118 (1974); *Ott v. Midland–Ross Corp.*, 600 F.2d 24, 28 (6 Cir. 1979).

\* \* \* \* \* \* \*

The finding of the district court that the government acted in bad faith by vexatiously pursuing a meritless case is not supported by the law or the record. Attorneys' fees may be assessed against the United States only when it has waived its sovereign immunity by statute. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 266–69, 95 S.Ct. 1612, 1626–1627, 44 L.Ed.2d 141 (1975); 28 U.S.C. § 2412.

\* \* \* \* \* \* \*

The judgment of the district court is hereby reversed and the case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.