**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Richard J. MORIARTY; and Gruber, Moriarty, Fricke & Jaros, Defendants–Appellees.**

**No. 92–4157.**

United States Court of Appeals, Sixth Circuit.

Argued Sept. 23, 1993.

Decided Oct. 12, 1993.

Arthur I. Harris, Asst. U.S. Atty., Cleveland, OH, Margaret S. Hewing (argued and briefed), and Mark B. Stern, U.S. Dept. of Justice, Civ. Div., Washington, DC, for plaintiff-appellant.

George W. Stuhldreher and Robert Eddy (argued and briefed), Gallagher, Sharp, Fulton & Norman, Cleveland, OH, for defendants-appellees.

Before: MILBURN and NELSON, Circuit Judges; and GILMORE, Senior District Judge.*

---

* The Honorable Horace W. Gilmore, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

MILBURN, Circuit Judge.

In this case of first impression, plaintiff, the United States of America, appeals the judgment of the district court declaring its action against representatives of an entity indebted to the United States barred by a six year statute of limitations. On appeal, the issue is whether the United States brought a timely action against the debtor's representatives under the federal priority statute, 31 U.S.C. § 3713(b), when it filed its action within six years of the representatives' allegedly improper payments to other creditors, but more than six years after it declared the debtor in default and demanded payment. For the reasons that follow, we reverse and remand.

## I.

### A.

On December 27, 1983, the United States, acting through its agent, the Defense Construction Supply Center, awarded Contract DLA700-84-C-0219 to Clark International Security, Inc. ("Clark" or "debtor") for the delivery of 162,588 rolls of Barbed Tape Concertina wire. On April 19, 1985, the United States declared Clark in default of the contract and demanded payment of unliquidated progress payments made, which totalled $1,091,105.08. Sometime during April 1985, Clark ceased production and became insolvent.

In February 1986, defendant Richard J. Moriarty, an attorney acting on behalf of Clark, arranged for a settlement between Clark and Bataco Industries, Inc. ("Bataco"), resolving a lawsuit filed by Bataco and others against Clark in a Florida state court. Under the terms of the settlement, Clark sold certain equipment to Bataco for $411,500.00. Between February 21, 1986, and July 29, 1986, Moriarty, acting on behalf of Clark, used a portion of the proceeds from the settlement to pay creditors of Clark. Though at all times relevant Moriarty knew that Clark was indebted to the United States, he did not pay any of the proceeds to the United States.

### B.

On December 17, 1991, the United States filed this action in the Northern District of Ohio against Moriarty, and defendant Gruber, Moriarty, Fricke & Jaros, an Ohio law firm in which Moriarty was a partner. The complaint alleged that under the federal priority statute, 31 U.S.C. § 3713(b), defendants were liable as representatives of Clark for payments they made to Clark's creditors other than the United States. The United States sought an award in the amount of $165,337.03, the amount of allegedly improper payments defendants made to Clark's creditors, plus interest, fees, and costs. Defendants moved for judgment on the pleadings or, in the alternative, for summary judgment, contending that the United States' action was barred by the applicable statute of limitations. The United States also moved for summary judgment.

The district court granted defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The district court first concluded that the six year statute of limitations set forth in 28 U.S.C. § 2415 applied to a right of action under 31 U.S.C. § 3713(b). It then considered whether the starting date for the statute of limitations was April 19, 1985, the day the United States' right of action for breach of contract accrued against the debtor, or February 1986, the month in which the United States' right of action under 31 U.S.C. § 3713(b) accrued against defendants, noting that the United States' action was time-barred if the former date was used, but was timely if the latter applied. The district court concluded that the statute of limitations began to run on "the date the underlying claim against the debtor accrue[d]," in this case, April 19, 1985, reasoning that the United States' action under 31 U.S.C. § 3713(b) must be premised on the United States' having a valid claim against the debtor. Accordingly, the district court concluded that because the United States was time-barred from enforcing the amount it was owed by the debtor, the United States was likewise time-barred from bringing an action under 31 U.S.C. § 3713(b) against the defendants, who, while acting as representatives of the

debtor, paid creditors of the debtor and failed to pay the United States anything at all. In light of its disposition of defendants' motion for judgment on the pleadings, the district court denied the United States' motion for summary judgment as moot. This timely appeal followed.

## II.

We review de novo a district court's grant of a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c). *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir.1993). For purposes of the motion " 'all well-pleaded material allegations of the pleadings of the [non-movant] must be taken as true.' " *Id.* (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir.1973)). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991).

The federal priority statute, provides in relevant part as follows:

(a)(1) A claim of the United States Government shall be paid first when—

(A) a person indebted to the Government is insolvent and—

(i) the debtor without enough property to pay all debts makes a voluntary assignment of property;

(ii) property of the debtor, if absent, is attached; or

(iii) an act of bankruptcy is committed;

\*    \*    \*    \*    \*    \*

(b) A representative of a person or an estate (except a trustee acting under title 11) paying any part of a debt of the person or estate before paying a claim of the Government is liable to the extent of the payment for unpaid claims of the Government.

31 U.S.C. § 3713.

The parties apparently agree that the United States' cause of action against a debtor's representative under 31 U.S.C. § 3713(b) is barred unless the complaint is filed within six years after a right of action accrues. 28 U.S.C. § 2415.[1] They disagree, however, as to which right of action of the United States is relevant in determining the commencement of the statute of limitations for a cause of action under 31 U.S.C. § 3713(b). Defendants argue that, as found by the district court, the relevant date is the time the United States' right of action accrues *against the debtor*, i.e., when debtor is declared in breach of a contract. On the other hand, the United States argues that the relevant date is the time the United States' right of action accrues *against defendants*, i.e., when defendants made payments to Clark's other creditors. In support of its argument, the United States argues that the time its right of action accrues against Clark, the debtor, is immaterial because its action here does not seek to recover for the debtor's breach of contract. Instead, it argues that the date its right of action accrues against defendants is the relevant date because its cause of action under 31 U.S.C. § 3713(b) seeks to redress the improper payments to creditors of Clark. The United States argues that had the district court computed the commencement of the statute of limitations at the time its right of action accrued against defendants, in this case February 1986, its action which was filed in December 1991 would not be time-barred by the six year statute of limitations.

We agree with the United States that the statute of limitations for a claim under 31 U.S.C. § 3713(b) begins on the date the right of action accrues against a debtor's representative. As originally enacted in 1789, the federal priority statute did not impose liability upon a debtor's representative. *Price v.*

---

1. In the district court, the parties disagreed whether the six-year limit for contract claims under 28 U.S.C. § 2415(a) or the six-year limit for conversion of government property claims under 28 U.S.C. § 2415(b) applied. Though the district court did not decide which provision applied, it held that the proper period of limitations on actions under 31 U.S.C. § 3713 was six years. While we express no opinion as to which provision of 28 U.S.C. § 2415 applies in this case, we agree with the district court and the parties that the appropriate limitations period is six years.

*United States,* 269 U.S. 492, 500, 46 S.Ct. 180, 181, 70 L.Ed. 373 (1926). However in 1799, Congress enacted the representative liability provision, which is now codified at 31 U.S.C. § 3713(b), giving "the priority teeth by making the administrator of any insolvent or decedent's estate personally liable for any amount not paid the United States because he gave another creditor preference." *United States v. Moore,* 423 U.S. 77, 81, 96 S.Ct. 310, 313, 46 L.Ed.2d 219 (1975). The current federal priority statute imposes liability on a debtor's representative only when the representative "pay[s] any part of a debt of the person or estate before paying a claim of the Government." 31 U.S.C. § 3713(b). Thus, the United States' cause of action against defendants is a wholly independent cause of action from the United States' cause of action against the debtor for the amount owed due to the breach of contract. Consequently, we conclude that once the acts which trigger the representative's liability occur, the United States' right of action accrues against the representative and the United States then has six years from that time to file an action.

To hold otherwise would create an absurd result. If the statute of limitations commenced at the time the United States' right of action accrued against the debtor as held by the district court, then a claim under 31 U.S.C. § 3713(b) might be time-barred against the representative before the representative ever improperly pays creditors other than the United States, as for example, where a debtor's representative pays creditors six years after the United States declared the debtor in default. Under the district court's holding, in order to ensure that it would have a cause of action against a representative, the United States would be forced in all cases to file an action against an insolvent debtor. We do not believe Congress could have intended such a futile exercise. *See Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 575, 102 S.Ct. 3245, 3252, 73 L.Ed.2d 973 (1982) ("[I]nterpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available.").

Our conclusion is consistent with the decision in *United States v. Dawkins,* 629 F.2d 972 (4th Cir.1980). In *Dawkins,* the United States notified a manufacturer with whom it had contracted to manufacture shirts that it was in breach. While an appeal of the alleged breach was pending before an administrative body, the manufacturer sold substantially all its assets to Comar Industries, Inc. The proceeds of the sale were placed in an escrow account, and the escrow agents used the proceeds to satisfy creditors of the manufacturer other than the United States. In the meantime, judgment was entered in favor of the United States and against the manufacturer as a result of the breach of contract by the manufacturer. The United States subsequently brought an action against the escrow agents and others, alleging liability under the federal priority statute. The district court granted summary judgment in favor of the defendants, concluding that the United States' action was barred by the applicable statute of limitations. On appeal, the Fourth Circuit reversed, accepting the United States' argument that for purposes of a cause of action under the representative liability provision of the federal priority statute, 31 U.S.C. § 3713(b), the commencement date for the statute of limitations was the date the distribution of assets to the other creditors was completed. *Dawkins,* 629 F.2d at 975. Defendants argue that *Dawkins* is distinguishable, noting that the holding in *Dawkins* rests upon the tolling of the statute of limitations, a point not at issue in this case. We, however, do not find defendants' distinction convincing. By finding that the statute of limitations might have been tolled, the court in *Dawkins* first had to accept the premise that the statute of limitations began at the time of distribution to other creditors and not at the time the United States' right of action accrued against the debtor.

Defendants argue, however, that the liability of a debtor's representative under 31 U.S.C. § 3713(b) is derivative of the United States' cause of action against the debtor, and thus, a right of action against a representative must be predicated on the United States' having a "claim" against the debtor for the amount owed. Construing the term "claim" narrowly to mean a right of action

for money damages, defendants argue that because the United States no longer has a "claim" against the debtor in light of the running of the statute of limitations, the United States may not hold them liable under 31 U.S.C. § 3713(b).

While we agree with defendants that the United States must have a "claim" against the debtor in order to hold a debtor's representative liable under 31 U.S.C. § 3713(b), we decline to interpret the term "claim" in the way suggested by defendants. The terms of the federal priority statute are to be construed liberally so as not to frustrate its purpose in securing sufficient revenue for the payments of public debts. *Bramwell v. United States Fidelity & Guar. Co.,* 269 U.S. 483, 487, 46 S.Ct. 176, 177, 70 L.Ed. 368 (1926); *United States v. State Bank of N.C.,* 31 U.S. (6 Pet.) 29, 34, 8 L.Ed. 308 (1832). In interpreting the term "claim" under the federal priority statute, we look for guidance to the Bankruptcy Code. *United States v. Moore,* 423 U.S. 77, 84, 96 S.Ct. 310, 314, 46 L.Ed.2d 219 (1975). In the Bankruptcy Code, "claim" is defined broadly as a *"right to payment,* whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured...." 11 U.S.C. § 101(5) (emphasis added). Under this definition, although the United States may be precluded by the applicable statute of limitations from bringing an action for money damages, it continues to have a "right to payment" against the debtor in this case and thus may enforce that right in other ways. For example, the United States may still assert its right to payment against the debtor for the amount owed in a counterclaim against the debtor in the event the debtor brings an action against the United States. 28 U.S.C. § 2415(f). *See, e.g., Grider v. Cavazos,* 911 F.2d 1158, 1161 (5th Cir.1990) ("the fact that a suit for a money judgment on an unpaid education loan may be time barred by the six-year statute of limitations does not prevent it from being a 'past-due legally enforceable debt'"). Consequently,

using the Bankruptcy Code's definition of the term "claim" as a guide to interpret the term "claim" in the federal priority statute,[2] we conclude that the United States continues to have a "right of payment," and thus a "claim," against the debtor even though the United States is barred by the statute of limitations from bringing an action against the debtor for money damages. Accordingly, because the United States continues to have a "claim" against the debtor, it may hold defendants liable under 31 U.S.C. § 3713(b), which provides for an independent right of action.

Our interpretation of the term "claim" is consistent with prior cases construing the federal priority statute. Previous versions of 31 U.S.C. § 3713(b) imposed liability on "[e]very ... person, who pays, in whole or in part, any debt due by the person ... for whom or for which he acts before he satisfies and pays the *debts due* to the United States." 31 U.S.C. § 192 (1976 & Supp. V. 1982) (emphasis added). *See also King v. United States,* 379 U.S. 329, 333, 85 S.Ct. 427, 429, 13 L.Ed.2d 315 (1964) (quoting an earlier version of 31 U.S.C. § 192). Courts refused to construe the term "debts due" narrowly and at no time was there a requirement that the amount owed had to be reduced to judgment. *See, e.g., United States v. Butterworth–Judson Corp.,* 269 U.S. 504, 513–14, 46 S.Ct. 179, 180, 70 L.Ed. 380 (1926); *Price,* 269 U.S. at 500, 46 S.Ct. at 181; *Bramwell,* 269 U.S. at 487, 46 S.Ct. at 177. It was irrelevant whether or not the amount due was liquidated. *Moore,* 423 U.S. at 84–86, 96 S.Ct. at 314–15. Although under the current federal priority statute the term "debts due" has been replaced with the term "claim," nothing in the statutory scheme indicates that this substitution was meant to change the law substantively. *See United States v. Excellair, Inc.,* 637 F.Supp. 1377, 1394 n. 15 (D.Colo.1986).

Apart from their argument that the United States does not have a "claim" against the debtor, defendants also argue that other

**2.** Our reliance upon 11 U.S.C. § 101(5) to aid in the interpretation of the term "claim" is not to be construed as a wholesale adoption of that definition. The determination as to whether a particular amount owed constitutes a "claim" is to be made on a case-by-case basis.

courts have held that the United States may not avoid the bar of the statute of limitations by pursuing a cause of action against a representative of a debtor when the statute of limitations on the underlying claim against the debtor has expired. In support of their argument, defendants rely on three cases: *United States v. Updike*, 281 U.S. 489, 494–95, 50 S.Ct. 367, 369, 74 L.Ed. 984 (1930), *O'Hare v. United States*, 878 F.2d 953, 956 (6th Cir.1989), and *United States v. Motsinger*, 123 F.2d 585, 589 (4th Cir.1941), all of which were cited by the district court.

We conclude that each of these cases is distinguishable. In *Updike* and *O'Hare*, the courts were not construing the federal priority statute, but rather were construing provisions of the Internal Revenue Code. In those two cases, the United States sought to collect unpaid taxes from fiduciaries of a taxpayer for the amount the taxpayer owed. *See Updike* 281 U.S. at 494, 50 S.Ct. at 368; *O'Hare*, 878 F.2d at 955 & n. 2. In contrast to those cases, the United States in this case seeks to collect from the debtor's representative only the amount the representative paid to creditors other than the United States, as opposed to the amount that is owed by the debtor. Because the third-party liability in those cases was derivative of the taxpayer's liability, we place little value on the statements in those cases that "the government [is] entitled to the same period of limitations for collecting the third-party liability as for collecting from the taxpayer." *O'Hare*, 878 F.2d at 956 (citing *Updike*). Moreover, we fail to see the applicability of the decision in *Motsinger*. In *Motsinger*, the United States brought an action against a taxpayer's fiduciary under the federal priority statute for the collection of unpaid taxes. The Fourth Circuit concluded that the United States' action was time-barred, holding that the applicable statute of limitations commenced at the time the taxpayer was assessed the tax. The statute of limitations in that case, however, specifically provided that an action must be filed "within six years *after the assessment of the tax.*" *Motsinger*, 123 F.2d at 587 (quoting 26 U.S.C. § 276(c) (emphasis added)). In contrast, each of the statutes of limitations which may be applicable to this case provides that an action must be filed "within six years

*after the right of action accrues,*" without setting forth the relevant right of action. *See* 28 U.S.C. §§ 2415(a) & (b). Moreover, we note that the Fourth Circuit in *Dawkins*, which concluded that the statute of limitations for the United States' right of action against a debtor's representative commences at the time the representative completed the payments to other creditors, made no indication that its holding was inconsistent with its prior holding in *Motsinger*.

The United States' cause of action against a debtor's representative under 31 U.S.C. § 3713(b) is barred unless the complaint is filed within six years after a right of action accrues. The district court erred in concluding that the statute of limitations in this case commenced at the time the United States' right of action accrued against Clark, the debtor. We hold that the statute of limitations commenced at the time the United States' right of action accrued against defendants.

### III.

For the reasons stated, the judgment of the district court is REVERSED and this case is REMANDED for further proceedings consistent with this opinion.