**MAHARG, INC., Plaintiff,**

v.

**VAN WERT SOLID WASTE MANAGEMENT DISTRICT, et al., Defendants.**

**No. 3:99CV7245.**

United States District Court, N.D. Ohio, Western Division.

Aug. 6, 1999.

Christopher Sean Habel, Frost & Jacobs, Cincinnati, OH, for Plaintiff.

Albin Bauer, II, Henry N. Heuerman, Eastman & Smith, Toledo, OH, for Defendants.

Order

CARR, District Judge.

This is a case in which plaintiff claims that defendants violated the "dormant"

Commerce Clause of the United States Constitution by prohibiting plaintiff from transporting solid waste from Van Wert County, Ohio, to a landfill located in Indiana. Plaintiff further alleges that defendants violated its Equal Protection and Due Process rights under the Fourteenth Amendment. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 1367, 1391.

Pending are defendants' motion to dismiss the Van Wert Solid Waste Management District ("District") (Doc. 8) and defendants' motion to dismiss Van Wert County Commissioners Gary D. Adams, Ava K.Good., and Gary D. Cooper (Doc. 9). Also pending is plaintiff's motion for a preliminary injunction (Doc. 2). For the following reasons, defendants' motions to dismiss shall be granted and plaintiff's motion for a preliminary injunction shall be overruled as moot.

## Background

Defendant District is a single county solid waste management district established by the Board of Commissioners of Van Wert County, Ohio, pursuant to §§ 343.01 and 3734.52 of the Ohio Revised Code ("O.R.C."). (Doc. 1 at 2–3). The District's purpose, pursuant to O.R.C. § 374.52(A), is to provide for safe and sanitary handling of all solid waste generated within the District's boundaries through implementation and maintenance of solid waste disposal, recycling, and minimization programs. Plaintiff collects solid waste generated within the District and transports it to facilities located outside the District for disposal, including the Jay County landfill in Portland, Indiana. (Doc. 1 at 4, 14). Waste haulers, pursuant to O.R.C. §§ 343.01(G)(1) through (G)(4), and 343.01(I)(1) and (I)(2), are subject to the rules and requirements of the districts in which they operate.

In this case, plaintiff argues that the District violated its constitutional rights by failing to authorize plaintiff's preferred landfill, Waste Management's Jay County landfill in Indiana, as a "designated" (i.e., authorized) site. A "designated" site is one which is legally able to receive solid waste generated within the District's boundaries (i.e., Van Wert County). The District designated eight sites through a procedure known as an open request for proposal (RFP). (Doc. 1 at 17). During the RFP process, landfills from Ohio and Indiana were given the chance to enter into an agreement with the District. (Id). Of the eight facilities entering into an agreement with the District, one is located in Fort Wayne, Indiana, and the others are located in Ohio. The District invited Jay County landfill to submit a proposal for designation, but Jay County, for an unspecified reason, informed the District that it did not want to enter into a designation agreement. (Doc. 1 at 21). Thus, the Jay County landfill was not one of the eight facilities designated by the District to receive waste from Van Wert County. (Doc 1 at 25).

Because the Jay County landfill is not a "designated" site, it is prohibited from receiving, from any hauler, waste generated within the District. (Doc 1 at 29). All waste generated in Van Wert County must be delivered to one of the eight designated facilities, and the hauler of the waste can choose any one of the designated sites. Id. Plaintiff, who traditionally delivered all the waste that it collected in Van Wert County to the Jay County landfill, wishes to continue this practice for cost reasons. (Doc. 1 at 30). Plaintiff asserts that if it is not allowed to use the Jay County landfill, increased disposal costs may have to be passed through to its customers.[1] Id. Plaintiff claims that the adverse impact on its business violates the Commerce Clause, Equal Protection Clause, and its Due Process rights.

---

1. Plaintiff will have to pay the District's $5.30 per ton fee if it is required to use the District's designated facilities, and the plaintiff fears the loss of customers if it passes this fee on to them. (Doc 1 at 30). However, every other hauler in the district, pursuant to O.R.C. § 343.01(I)(2), is subject to the same fee.

Also at issue in this case is whether defendants Adams, Good, and Cooper can be held individually liable for their actions as County Commissioners. As County Commissioners of Van Wert County, defendants, pursuant to O.R.C. § 343.01, are charged with operating the solid waste management district in their county. Pursuant to O.R.C. § 341.01(G), the Board of County Commissioners of a county district is responsible for adopting and enforcing the district's rules regarding disposal of solid waste. This is exactly what the Commissioners did in this case. Plaintiff claims that they should be held individually liable for their actions in adopting and enforcing the District's rules.

## Discussion

A Rule 12(b)(6) motion tests whether a cognizable claim has been pleaded in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988). Under Rule 12(b)(6), all well-pleaded material factual allegations of the plaintiff must be taken as true and construed in a light most favorable to the plaintiff. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). The court need not accept, however, legal conclusions, unwarranted factual inferences, or vague or conclusory allegations. *See Id.* The motion should be granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. *See U.S. v. Moriarty*, 8 F.3d 329, 332 (6th Cir.1993). A complaint may be dismissed if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Morgan*, 829 F.2d at 12.

## A. "Dormant" Commerce Clause Claim

■ The United States Constitution expressly authorizes Congress to "regulate Commerce with Foreign nations, and among the several states," U.S. Const. art. I § 8, cl. 3, and "the 'negative' or 'dormant' aspect of the Commerce Clause prohibits the States from advancing their own commercial interests by curtailing the move- ment of articles of commerce, either into or out of the state.'" *Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dep't of Natural Resources*, 504 U.S. 353, 359, 112 S.Ct. 2019, 119 L.Ed.2d 139 (1992). The dormant Commerce Clause also limits the actions of municipalities such as defendants, whose actions may "burden interstate commerce or impede its free flow." *C & A Carbone, Inc. v. Clarkstown*, 511 U.S. 383, 389, 114 S.Ct. 1677, 128 L.Ed.2d 399 (1994).

■ When deciding if an ordinance violates the dormant Commerce Clause, a court must first "determine whether [the law] 'regulates evenhandedly with only incidental effects on interstate commerce, or discriminates against interstate commerce.'" *Oregon Waste Sys., Inc. v. Dept. of Envtl. Quality of Oregon*, 511 U.S. 93, 99, 114 S.Ct. 1345, 128 L.Ed.2d 13 (1994) (quoting *Hughes v. Oklahoma*, 441 U.S. 322, 336, 99 S.Ct. 1727, 60 L.Ed.2d 250 (1979)). A law that discriminates against interstate commerce treats in-state and out-of-state interests differently, benefitting the former and burdening the later. *See Oregon Waste*, 511 U.S. at 99, 114 S.Ct. 1345.

■ If a law does, in fact, discriminate against interstate commerce, it is "virtually per se invalid," *id.*, unless "the municipality can demonstrate under rigorous scrutiny, that it has no other means to advance a legitimate local interest." *Carbone*, 511 U.S. at 392, 114 S.Ct. 1677. On the other hand, "nondiscriminatory regulations that have only incidental effects on interstate commerce are valid unless 'the burden imposed on such commerce is clearly excessive in relation to the putative local benefits.'" *Oregon Waste*, 511 U.S. at 99, 114 S.Ct. 1345 (quoting *Pike v. Bruce Church*, Inc., 397 U.S. 137, 142, 90 S.Ct. 844, 25 L.Ed.2d 174 (1970)). An application of the latter test is appropriate based on the facts of this case, because the regulation imposed by the defendants is nondiscriminatory.

The out-of-state location of plaintiff's landfill of choice had nothing to do with its failure to be designated. Defendants gave the Jay County landfill the same opportunity to acquire the right to receive Van Wert County waste as they gave in-state landfills. The RFP process for the Jay County Landfill was the same as the RFP process for the in-state landfills. Some of the in-state landfills decided not to contract with the District. Some of the out-of-state landfills decided not to contract with the District. Discrimination by the District had nothing to do with these decisions. Whether located in Ohio or Indiana, each landfill made a business decision regarding designation by the defendants. The regulations imposed by the defendants were, on their face, nondiscriminatory and their effects on out-of-state commerce, if any, are merely incidental.

 Thus, the District's actions could violate the "dormant" Commerce Clause only if the burden imposed on interstate commerce is "clearly excessive in relation to the putative local benefits." *Pike*, 397 U.S. at 137, 90 S.Ct. 844. The party challenging the ordinance must prove that the burdens placed on interstate commerce outweigh the benefits accruing to interstate commerce. *USA Recycling, Inc. v. Town of Babylon*, 66 F.3d 1272, 1282 (2nd Cir.1995). Where, as here, the ordinance is nondiscriminatory, the enactment enjoys a presumption of constitutionality. This presumption can be overcome only by a clear showing that the national interest in uniformity or free commerce outweighs the state benefit. *See generally Pike*, 397 U.S. at 137–138, 90 S.Ct. 844, *USA Recycling*, 66 F.3d at 1287.

 The burden in this case is not "clearly excessive." In fact, it is debatable whether there exists any incidental burden on interstate commerce as a whole. Clearly, plaintiff will be unable to transport waste to his preferred landfill in Indiana. However, there is another landfill in Fort Wayne, Indiana, to which plaintiff can take its waste. Furthermore, the "incidental" nature of burdens to which the *Pike* court

alludes appears to be related to interstate commerce on a larger scale. Minor effects on interstate commerce are inevitable with any form of regulation by the state which relates to commerce of any kind. Here, plaintiff appears to be the only party who is potentially affected by the decision of the defendant with regards to interstate commerce. In any event, any incidental burden on interstate commerce is unrelated to discrimination against nonresidents, and this is the fatal flaw of plaintiff's "dormant" Commerce Clause argument. Plaintiff's Commerce Clause claim shall be dismissed.

### B. Equal Protection and Due Process Claims

 Equal Protection and Due Process challenges to local economic and social legislation are subject to a "rational relationship" review. *Borman's Inc. v. Michigan Property & Casualty Guaranty Ass'n*, 925 F.2d 160, 162 (6th Cir.1991). The scrutiny under Equal Protection and Due Process challenges to state "economic" legislation is extremely low. Generally, the contested law will only be stricken if the classification is "purely arbitrary." *See Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369 (1911). Here, the allegations and exhibits in plaintiff's complaint demonstrate that defendants facility designations were related to legitimate interests. These interests include more effectively monitoring the facilities and methods being used to manage solid waste generated within the District and securing solid waste fees for the District to defray costs derived from implementing the District's solid waste management plan. (Doc. 1, Exhibit B and I). Thus, plaintiff's Substantive Due Process and Equal Protection claims shall be dismissed because there is a "rational relationship" between the defendants' actions and objectives.

### C. Commissioners' Individual Liability

 The Ohio Attorney General has concluded that a solid waste management

district that comprises only one county (as is the case here), operates through the board of county commissioners of that county. Ohio Att'y Gen. Op. No. 92–060 (1992). The board of county commissioners in court is subject to suit in court. O.R.C. § 305.12. However, it has long been held in Ohio that county commissioners who are acting in their official capacities in good faith, and in honest discharge of their official duty, cannot be held personally liable for damages. *See Thomas v. Wilton,* 40 Ohio St. 516 (1884).

Plaintiff fails to allege that defendants acted outside the scope of their capacity as directors of the district. Defendants, acting as Directors of the Van Wert Solid Waste Management District, are equivalent to defendants acting as County Commissioners of Van Wert County. Thus defendants were acting in their official capacities as county commissioners and cannot be held personally liable for damages. Furthermore, plaintiff fails to raise any bad faith allegations. Therefore, plaintiff improperly named defendants Adams, Good, and Cooper in this lawsuit.

### D. Preliminary Injunction

Plaintiff's request for a preliminary injunction shall be overruled as moot.

### Conclusion

For the foregoing reasons, it is hereby **ORDERED THAT**

1. Defendants' motion to dismiss the District (Doc. 8) shall be, and hereby is, granted.

2. Defendants' motion to dismiss Adams, Good, and Copper (Doc.9) shall be, and hereby is, granted.

3. Plaintiff's motion for a preliminary injunction (Doc.2) shall be, and hereby is, denied.

**So ordered.**