**UNITED STATES of America, Plaintiff,**

v.

**Oscar RENDA, et al., Defendants.**

No. 4:09cv368.

United States District Court, E.D. Texas, Sherman Division.

Sept. 26, 2011.

John Robert Kresse, Charles Edward Canter, Washington, DC, J. Kevin McClendon, U.S. Attorney's Office, Plano, TX, Paul Alexander Petty, U.S. Army

854

Corps of Engineers, Galveston, TX, for Plaintiff.

David Evans Keltner, Jody Scott Sanders, Marianne Marsh Auld, William Nolan Warren, Kelly, Hart & Hallman, Fort Worth, TX, Terry L. Salazar, Quilling Selander Lownds Winslett & Moser, PC, Dallas, TX, for Defendants.

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

MICHAEL H. SCHNEIDER, District Judge.

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On August 8, 2011, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that: (1) Plaintiff United States of America's Motion for Summary Judgment (Dkt. 77) be GRANTED; (2) Defendants' Motion for Summary Judgment (Dkt. 78) be DENIED; and (3) Defendants' Amended Motion to Reconsider and/or Modify Memorandum Adopting Report and Recommendation of the United States Magistrate Judge (Dkt. 80) be DENIED.

The Court, having made a *de novo* review of the objections raised by Defendant as well as Plaintiff's response and Defendant's reply thereto (*see* Dkts. 102, 103 & 104), is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections of Defendant are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

Plaintiff United States of America's Motion for Summary Judgment (Dkt. 77) is GRANTED, Defendants' Motion for Summary Judgment (Dkt. 78) is DENIED, and

Defendants' Amended Motion to Reconsider and/or Modify Memorandum Adopting Report and Recommendation of the United States Magistrate Judge (Dkt. 80) is DENIED. Within ten (10) days of the date of this Order, Plaintiff shall submit a proposed final judgment for the Court's consideration.

**IT IS SO ORDERED.**

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

DON D. BUSH, United States Magistrate Judge.

Both parties have filed Motions for Summary Judgment (Dkts. 77 & 78) in this matter. The issue before the Court is whether Defendant Oscar Renda ("Renda") is personally liable for the debt owed by Renda Marine, Inc. ("Renda Marine") under the Priority Statute, 31 U.S.C. § 3713(a)(1)(A)(i). That same statute provides that a representative of a person or an estate (except a trustee acting under Title 11) paying any part of a debt of the person or estate before paying a claim of the Government is liable to the extent of the payment for unpaid claims of the Government. 31 U.S.C. § 3713(b). According to the Government, $8,563,066 of assets was transferred from Renda Marine to Renda and other parties in preference to the Government. Payment of a debt under Section 3713 has been broadly construed to include "a distribution of funds [from the estate] that is not, strictly speaking, the payment of a debt." *United States v. Coppola*, 85 F.3d 1015, 1020 (2nd Cir.1996). All citizens are presumptively charged with knowledge of the law. *See, e.g. North Laramie Land Co. v. Hoffman*, 268 U.S. 276, 283, 45 S.Ct. 491, 69 L.Ed. 953 (1925).

Defendants have also filed a Motion for Reconsideration of the Court's order regarding the Contracting Officer's Final Decision, which was not timely appealed by Renda Marine, Inc. (Dkt. 80). As set forth below, this Court has no authority to undo what has already been done. Renda simply sat on its rights foreclosing any opportunity to review the Contracting Officer's Final Decision. That inaction has been adequately addressed by the Court of Federal Claims as well as Federal Circuit which provided the following narrative of Renda's contract dealings and background to the case:

This is a government contract case. Renda Marine, Inc. ("Renda"), entered into Contract No. DACW64–99–C0001 ("Contract") with the United States Army Corps of Engineers ("Corps") for the dredging of a portion of the Houston–Galveston Navigation Channel ("Navigation Channel"). The contract was governed by the Contract Disputes Act of 1978, as amended ("CDA"). 41 U.S.C. § 60113 (2000). Upon completion of the dredging work, Renda submitted various claims to the Contracting Officer ("CO") seeking additional compensation under the Contract. Following the denial of those claims, Renda filed suit in the United States Court of Federal Claims pursuant to 41 U.S.C. 609(a)(1). On July 28, 2005, following a trial, the Court of Federal Claims issued a decision holding that Renda was not entitled to recover on its claims. *Renda Marine, Inc. v. United States*, 66 Fed. Cl. 639 (2005) (*"Merits Decision"*). Subsequently, on June 30, 2006, the court issued a decision denying Renda's motion for reconsideration of certain prior rulings of the court. *Renda Marine, Inc. v. United States*, 71 Fed.Cl. 782 (2006) (*"Reconsideration Decision"*). In those prior rulings, the court denied Renda's motion for leave to amend its complaint to challenge a decision of the CO asserting government claims against Renda. The court did so on the ground that Renda's challenge to the CO's decision was untimely. Following its denial of Renda's motion for reconsideration, the Court of Federal Claims entered final judgment in the case in favor of the United States. Renda has timely appealed from that judgment. We affirm.

*Renda Marine, Inc. v. U.S.*, 509 F.3d 1372, 1374 (Fed.Cir.2007).

The court goes on to state:

On November 26, 2002, while Renda's suit was pending in the Court of Federal Claims, the CO issued a final decision under the contract asserting six separate government claims against Renda, in the total amount of $11,860,016. *Reconsideration Decision* at 784. In his final decision, the CO informed Renda that it had the right to appeal the decision to the Armed Services Board of Contract Appeals ("ASBCA") within 90 days of receipt of the decision, *see* 41 U.S.C. § 606; or to initiate an action in the Court of Federal Claims within twelve months of receipt of the decision, *see Id.* § 609(a)(3). *Reconsideration Decision* at 784.

Renda received the CO's final decision on or about November 26, 2002. *Id.* at 784–85. Thus, it had until February 24, 2003 to challenge the decision in the board of contract appeals and until November 26, 2003 to do so in the Court of Federal Claims. Renda, however, did not pursue either course. Instead, on July 1, 2004, roughly nineteen months after the approximate date on which it received the final decision, it sought leave to amend its complaint in the ongoing Court of Federal Claims litigation in order to challenge the validity of the decision there. *Id.* at 785. The Court of Federal Claims denied Renda's motion on July 30, 2004, on the ground that

Renda's challenge to the CO's decision was untimely. *Id.* Subsequently, on April 19, 2005, the court denied a second motion by Renda to amend its complaint to challenge the CO's decision, again on the ground that Renda's challenge to the decision was untimely. *Id.*

*Id.* at 1375.

The court went on to note:

Renda argued that its suit divested the CO of authority to render a final decision on the government's claims, thereby rendering the CO's November 26, 2002 decision a nullity inasmuch as it issued after the initiation of litigation by Renda. *Reconsideration Decision* at 786. On June 30, 2006, the court denied Renda's motion, holding that, because Renda had failed to appeal the CO's final decision within the twelve-month period set forth in the CDA, 41 U.S.C. § 609(a)(3), Renda was precluded from challenging the validity of the decision. *Reconsideration Decision* at 797.

*Id.*

■ The gravamen of Renda's motion appears to be that attorney malpractice excuses him. Renda testified that he received the letter from the CO setting forth the amount that the Government was claiming. He read it and gave it to his lawyer, Erikson. As Renda said, Erikson was the "guy that (sic) bungled this whole thing." Dkt. 78–1, Exhibit B, page 61. According to Renda, Erikson said "don't worry about it, when we get to court we will handle it." Dkt. 78–1, Exhibit B, page 60. Contrary to Renda's motion, it is clear that Renda had knowledge of the debt. He knew that the Government was asserting over $11,000,000 in claims against Renda Marine, Inc. According to Renda, he was told the debt was void.

Title 41 U.S.C. § 605 provides in part that all claims by the Government against a contractor relating to a contract shall be the subject of a decision by the contracting officer. The final decision letter from the CO is addressed to Oscar Renda with a copy to his lawyer, Erikson, among others. Dkt. 78–1, Exhibit I. Included within the letter are findings for each of the asserted counterclaims by the Government. The letter unequivocally asserts that Renda Marine, Inc. is indebted to the Government in the amount of $11,860.000. The letter in underlined type also unequivocally states that this is a final decision of the CO and notifies Renda Marine of the two avenues of appeal available.

Renda relies on a tax court decision, *Little v. Comm'r*, 113 T.C. 474, 1999 WL 1261491 (1999), in support of his position. In *Little*, the administrator of an estate made distributions to beneficiaries at the direction of the estate's attorney. Neither the attorney nor the administrator had actual knowledge of the estate's income tax liabilities at the time these disbursements were made. The knowledge requirement of Title 31 of the U.S.C. may be satisfied by either actual knowledge of the liability or notice of such facts as would put a reasonably prudent person on inquiry as to the existence of the unpaid claim of the United States. *Leigh v. Comm'r*, 72 T.C. 1105, 1109, 1979 WL 3762 (1979). In *Little*, the court acknowledges that there are certain circumstances which may excuse a taxpayer who makes payments erroneously and distinguishes other instances when excuses are not warranted. However, the court in *Little* based its final decision on the credibility of the taxpayer. The court notes that the petitioner in *Little* made reasonable inquiry of legal counsel and then relied in good faith on the erroneous advice. *Little*, 113 T.C. at 481.

As the Government points out, Renda's situation is distinguishable. He had actual notice of the debt. Little also had actual notice at some point in time and forwarded the tax information forms to his attorney

who erroneously informed him there was no liability. Nonetheless, reliance on the advice of a professional tax adviser does not necessarily demonstrate reasonable cause and good faith; rather, the validity of this reliance turns on "the quality and objectivity of the professional advice which they obtained." *Klamath Strategic Investment Fund ex rel. St. Croix Ventures v. United States,* 568 F.3d 537, 548 (5th Cir. 2009) (internal citations omitted).

As the Fifth Circuit has noted, good faith reliance on professional advice concerning tax laws is a defense. *See Chamberlain v. C.I.R.,* 66 F.3d 729, 732 (5th Cir.1995). However, that reliance must be objectively reasonable. *Id.* Renda's pleadings do not affirmatively raise reliance as a defense, and the Government has not objected to Renda's failure to do so. In any event, the law in this Circuit favors consideration of the merits of an affirmative defense even when not asserted timely. *See generally Lubke v. City of Arlington,* 455 F.3d 489, 499 (5th Cir.2006).

Rule 56 provides that summary judgment shall be granted if there is no genuine dispute as to any material fact. FED. R. CIV. P. 56(c). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Colson v. Grohman,* 174 F.3d 498, 506 (5th Cir.1999). Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must present affirmative evidence setting forth specific facts to show the existence of a genuine issue for trial. *See Celotex Corp.,* 477 U.S. at 322–23, 106 S.Ct. 2548; *Anderson,* 477 U.S. at 257, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–86, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "[T]he court must review the record 'taken as a whole.'" *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (quoting *Matsushita Elec. Indus. Co.,* 475 U.S. at 587, 106 S.Ct. 1348). All the evidence must be construed "in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes." *Williams v. Time Warner Operation, Inc.,* 98 F.3d 179, 181 (5th Cir.1996) (citing *Lindsey v. Prive Corp.,* 987 F.2d 324, 327 n. 14 (5th Cir.1993)). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505. The evidence is construed "in favor of the nonmoving party, however, only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir.1999); *accord Little,* 37 F.3d at 1075 ("[w]e do not ... in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.") (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)).

■ The modern Priority Statute has been in effect since 1797 without material change. *See* Richard H.W. Maloy, *The "Priority Statute"—The United States' "Ace–In–The–Hole,"* 39 J. MARSHALL L.REV. 1205, 1205 (Summer 2006). The purpose of the Priority Statute is to "secure an adequate revenue to sustain the public burdens and discharge the public debts," and the statute is to be construed

liberally in favor of the United States. *United States v. Moore*, 423 U.S. 77, 80–81, 96 S.Ct. 310, 46 L.Ed.2d 219 (1975).

■ There seems to be little dispute that Renda Marine, Inc. was insolvent at the time the complained of transfers of monies occurred. As noted in the statute, a representative is liable if he makes payments to other creditors when the United States has a priority claim for payment. This Circuit recognizes that an officer may be liable under the statute when assets of an insolvent corporation are distributed in violation of the statute. *See U.S. v. Lutz*, 295 F.2d 736, 743 (5th Cir.1961). To counter the Government's position, Renda has submitted a declaration. Dkt. 78–1, Exhibit K. In that declaration, when confronted with the letter awarding the Government $11,860,016, Renda claims that Erikson "advised me that nothing needed to be done." He claims he was told the decision was void and thus following the advice of counsel, no appeal of the decision was filed in the Federal Court of Claims suit. The declaration is silent as to Renda's decision to pay creditors in preference to the Government. No issue as to reasonable reliance is raised by Exhibit "K."

Kent Ray, an accountant for Renda Marine, filed a declaration. Dkt. 78–1, Exhibit J. He states that he contacted Erikson concerning legal matters involving Renda Marine. This was sometime in 2003. Erikson advised him that Renda Marine should not file for bankruptcy protection. Ray says he wanted to ensure that Erikson was consulted concerning anticipated transfers between Renda Marine and Oscar Renda Contracting, Inc. as well as others. He states that Erikson advised only that Renda Marine should not transfer the claims of Renda Marine as it may violate the Anti–Assignment of Claims Act. Ray says he was advised of no other restrictions concerning the proposed transfer. Curiously the declaration does not state that Erikson "blessed the transaction." Only that Erikson said nothing. There is no evidence that this silence was ever communicated to Renda. Even if it had been, the Court finds that such is not enough to create justifiable reliance. Oscar Renda was Renda Marine's president, sole director, and sole shareholder when the disputed transfers were made. *See* Renda Depo. at 70–12–15. As Renda Marine's representative, he is personally liable for the transfers under the facts before the Court. The Court holds that Oscar Renda was liable for the two transfers totaling $10,563,066 plus interest under the Federal Priority Statute.

■ Renda devotes only a short discussion that the statute of limitations and laches bar enforcement of the Government's claim. The case law is decidedly against Renda on this issue. As to laches, both parties—without citing Fifth Circuit authority—acknowledge that, in this Circuit, laches is not a defense to the Government. In the Fifth Circuit, laches cannot be asserted against the United States in its sovereign capacity to enforce a public right or to protect the public interest. *U.S. v. Arrow Transp. Co.*, 658 F.2d 392 (5th Cir.1981).

■ As to limitations, the Sixth Circuit, in *U.S. v. Moriarty*, 8 F.3d 329 (6th Cir. 1993) held that for the purposes of the Priority Statute the applicable limitations period was six years. The court held that the limitations period for a claim under 31 U.S.C. § 3713(b) begins on the date the right of action accrues against a debtor's representative. *See also United States v. Dawkins*, 629 F.2d 972 (4th Cir.1980) (holding that the commencement date for the statute of limitations under the statute is the date the distribution of assets to other creditors is completed). Based on these cases and the record herein, the

Court finds that this action was timely filed.

## RECOMMENDATION

Based upon the foregoing, the Court RECOMMENDS that: (1) Plaintiff United States of America's Motion for Summary Judgment (Dkt. 77) be GRANTED; (2) Defendants' Motion for Summary Judgment (Dkt. 78) be DENIED; and (3) Defendants' Amended Motion to Reconsider and/or Modify Memorandum Adopting Report and Recommendation of the United States Magistrate Judge (Dkt. 80) be DENIED. Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir.1988).

**SIGNED this 8th day of August, 2011.**